JUDGE BATTS

**13 CIV 7004**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

WALKER COFFEE TRADING LP,

                            Plaintiff,

       -against-

M/V "NORTHERN DELIGHT", her engines, boilers, etc. and
MSC MEDITERRANEAN SHIPPING COMPANY, S.A.; PORT NEWARK CONTAINER TERMINAL and PORTS AMERICA,

                            Defendants.

----------------------------------------------------------------X

13 Civ.

**VERIFIED COMPLAINT**



RECEIVED OCT -3 2013 U.S.D.C. S.D.N.Y. CASHIERS

## COUNT I

1. This is a case of contract, cargo damage and non-delivery of cargo, civil and maritime and is an admiralty and maritime claim within the meaning of the Rule 9(h). Plaintiff invokes the maritime procedures specified in Rule 9(h).

2. Plaintiff, Walker Coffee Trading, LP, is a legal entity organized under the law, with an office located at 2900 Wilcrest Drive, Suite 485, Houston, Texas 77042. Defendant, MSC Mediterranean Shipping Company, S.A. ("MSC"), is a legal entity organized under the law, with an agent, Mediterranean Shipping Company (USA) Inc., located at 420 Fifth Avenue, New York, New York 10018. Defendant, Port Newark Container Terminal, a joint venture of Ports America and Terminal Investment Limited ("TIL") ("PNCT"), is a legal entity organized under the law, with an office located at 241 Calcutta Street, Newark, New Jersey 07114. Defendant, Ports America ("PA"), is a legal entity

organized under the law, with an office located at 525 Washington Blvd., Suite 1660, Jersey City, New Jersey 07310.

3. During all times herein mentioned, defendant MSC was the owner and/or operator of the M/V NORTHERN DELIGHT and operated it in the common carrier of goods by water for hire between Puerto Santo Tomas De Castilla and New York.

4. The M/V NORTHERN DELIGHT is now or during the pendency of this action will be, within this District.

5. On or about October 9, 2012, Exportadora Centroamericana, S.A. delivered shipments of bagged coffee (nine (9) containers each containing 275 bags) to defendant MSC, as a common carrier at the port of Puerto Santo Tomas De Castilla in good condition, for transportation on board the M/V NORTHERN DELIGHT to New York and delivery to plaintiff, in consideration of an agreed freight and pursuant to the valid terms and conditions of clean on board bills of lading issued by defendant MSC and the M/V NORTHERN DELIGHT.

6. Defendant, MSC, caused said goods, still in good order and condition to be laden on board the M/V NORTHERN DELIGHT. On or about October 26, 2012, the M/V NORTHERN DELIGHT arrived at the port of New York and thereafter delivered said shipment in a short, slack and damaged condition.

7. Prior to October 26, 2012, plaintiff became for value the owner of said shipment and the owner and holder of said clean on board bills of lading and brings this suit on its own behalf and that of all others interested in said shipment.

8. All conditions precedent required of plaintiff and of all others interested in said shipment have been performed.

27/1813248.v1

9. By reason of the premises, plaintiff and those on whose behalf this suit is brought have sustained damages in the sum of $350,000.00, as nearly as the same can now be estimated, no part of which has been paid although duly demanded,

## COUNT II

10. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "9" in this complaint as if the same were set forth at length herein.

11. Defendants PNCT and PA were the bailees of the shipment referred to in paragraph "5" herein.

12. Defendants PNCT and PA breached their implied contract of bailment with plaintiff by failing to deliver said shipment in the same condition in which said defendants received the shipment from defendant MSC.

13. By reason of the premises, plaintiff has sustained damage in the sum of $350,000.00, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded.

## COUNT III

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" in this complaint as if the same were set forth at length herein.

15. Defendants, Port Newark Container Terminal and Ports America (hereinafter "PNCT" and "PA") performed stevedoring and terminal operations with respect to the handling, storing, discharging and delivery of the subject cargo from the M/V NORTHERN DELIGHT pursuant to contracts between defendants, MSC, PNCT and PA.

27/1813248.v1

16. Defendants PNCT and PA had possession, custody and control of the shipments mentioned in paragraph 5 herein from the time said cargo was being unloaded from the M/V NORTHERN DELIGHT until it was delivered to plaintiff or plaintiff's agents.

17. While shipments were in its possession, custody and control defendants PNCT and PA were negligent and careless in its discharging, handling, storing and delivering of said cargoes and cause said cargoes to become severely damaged by reason of defendants PNCT and PA's negligence and carelessness.

18. By reason of the premises, plaintiff has sustained damage in the sum of $350,000.00, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded.

**WHEREFORE**, plaintiff prays:

1. That the M/V NORTHERN DELIGHT be arrested;

2. That process issue against defendants, MSC Mediterranean Shipping Company, S.A., Port Newark Container Terminal and Ports America, and that defendants be cited to appear and answer the allegations of the complaint;

3. That an interlocutory judgment be entered in favor of the plaintiff against the M/V NORTHERN DELIGHT, against defendants directing that the plaintiff recover its damages and the M/V NORTHERN DELIGHT, be condemned and sold and the proceeds of sale be applied to the payment of plaintiff of the sums found due it;

4. That the amount due plaintiff be computed by further proceedings before a Magistrate, pursuant to Rule 53(b) and/or by further proceedings before the Court, pursuant to Rule 42(b);

27/1813248.v1

5. That final judgment against defendant and the M/V NORTHERN DELIGHT, be entered in favor of plaintiff for the amount found due plaintiff with interest and with costs; and

6. That plaintiff have such other and further relief as may be just.

Dated: New York, NY
October 1, 2013

                        MARSHALL DENNEHEY WARNER
                        COLEMAN & GOGGIN
                        *Attorneys for Plaintiff*

By: _____
       William R. Connor III (WC-4631)
       Wall Street Plaza
       88 Pine Street 21st Floor
       New York, NY 10005
       212-376-6400
       File #19261.00614 F29

STATE OF NEW YORK    )
                     : S.S.
COUNTY OF NEW YORK   )

WILLIAM R. CONNOR III, being duly sworn, deposes and says:

I am a member of the firm of Marshall Dennehey Warner Coleman & Goggin attorneys for the Plaintiff in this action.

I have read the foregoing Verified Complaint, know the contents thereof, and the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are documents in the possession of my firm.

William R. Connor III (WC 4631)

Sworn to before me this
2nd day of October 2013

Patricia A. Hutson
Notary Public

PATRICIA A. HUTSON
Notary Public, State of New York
No. 01HU6085792
Qualified in Kings County
Commission Expires Jan. 6, 2015