ROPERS, MAJESKI, KOHN & BENTLEY, P.C.
750 Third Avenue, 25th Floor
New York, New York 10017
(212) 668-5927
*Attorneys for Defendants*
PORT NEWARK CONTAINER TERMINAL, L.L.C. (s/h/a *Port Newark Container Terminal*)
and PORTS AMERICA, INC. (s/h/a *Ports America*)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALKER COFFEE TRADING LP,<br><br>Plaintiff,<br><br>-against-<br><br>M/V "NORTHERN DELIGHT", her engines, boilers, etc. and MSC MEDITERRANEAN SHIPPING COMPANY S.A.; PORT NEWARK CONTAINER TERMINAL and PORTS AMERICA,<br><br>Defendants. | 13 Civ. 7004 (RA)(JLC)[rel.13 Civ. 7514]<br><br>**ANSWER TO COMPLAINT AND CROSS-CLAIM** |

Defendants PORTS AMERICA, INC., *s/h/a Ports America* (hereinafter "Ports America"), and Defendant PORT NEWARK CONTAINER TERMINAL, L.L.C., *s/h/a Port Newark Container Terminal* ("PNCT") (collectively "Defendants"), by and through their attorneys, ROPERS, MAJESKI, KOHN & BENTLEY, P.C., as and for their Answer to the Verified Complaint allege the following upon information and belief:

## COUNT I

1. Admit that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as expressly admitted herein, denies each and every other allegation contained in Paragraph 1 of the Verified Complaint.

2. Admit that Ports America is a corporation organized under the laws of Delaware with a principal place of business at 525 Washington Boulevard, Suite 1660, Jersey City,

New Jersey 07310; that PNCT is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 241 Calcutta Street, Newark, New Jersey 07114-3324; and that PNCT is owned by Ports America and Terminal Investment Limited SA; and, except as expressly admitted herein, deny that they have any knowledge or information thereof, sufficient to form a belief, as to each and every other allegation contained in Paragraph 2 of the Verified Complaint.

3. Deny knowledge or information thereof, sufficient to form a belief, as to each and every allegation contained in Paragraph 3 of the Verified Complaint.

4. Deny knowledge or information thereof, sufficient to form a belief, as to each and every allegation contained in Paragraph 4 of the Verified Complaint.

5. Deny knowledge or information thereof, sufficient to form a belief, as to each and every allegation contained in Paragraph 5 of the Verified Complaint.

6. Deny each and every allegation contained in Paragraph 6 of the Verified Complaint as each allegation pertains to these Defendants.

7. Deny knowledge or information thereof, sufficient to form a belief, as to each and every allegation contained in Paragraph 7 of the Verified Complaint.

8. Deny as allegations of law that are respectfully referred to the Court each and every allegation contained in Paragraph 8 of the Verified Complaint.

9. Deny each and every allegation contained in Paragraph 9 of the Verified Complaint.

## COUNT II

10. Repeat and reiterate each and every answer and denial contained in Paragraphs 1 through 9, inclusive, of its Answer to the Verified Complaint with the same force and effect as though fully set forth at length herein and, except as expressly admitted therein,

deny each and every allegation incorporated into Paragraph 10 of the Verified Complaint.

11. Deny each and every allegation contained in Paragraph 11 of the Verified Complaint as allegations of law that are respectfully referred to the Court.

12. Deny each and every allegation contained in Paragraph 12 of the Verified Complaint as allegations of law that are respectfully referred to the Court..

13. Deny each and every allegation contained in Paragraph 13 of the Verified Complaint as allegations of law that are respectfully referred to the Court..

## COUNT III

14. Repeat and reiterate each and every answer and denial contained in Paragraphs 1 through 13, inclusive, of its Answer to the Verified Complaint with the same force and effect as though fully set forth at length herein and, except as expressly admitted therein, deny each and every allegation incorporated into Paragraph 14 of the Verified Complaint.

15. Admit that PNCT has entered into a contract with MSC MEDITERRANEAN SHIPPING COMPANY, S.A.; and respectfully refers to the terms and conditions of the said contract for the interpretation thereof; and except as expressly admitted herein, deny each and every other allegation contained in Paragraph 15 of the Verified Complaint.

16. Deny each and every allegation contained in Paragraph 16 of the Verified Complaint.

17. Deny each and every allegation contained in Paragraph 17 of the Verified Complaint.

18. Deny each and every allegation contained in Paragraph 18 of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

19. If plaintiff sustained any damage as alleged in the Verified Complaint, which is denied, said damage was caused in whole or in part by plaintiff's own negligence and was not caused or contributed to in any manner by any negligence of PNCT or Ports America.

### SECOND AFFIRMATIVE DEFENSE

20. Plaintiff has failed to mitigate its damages.

### THIRD AFFIRMATIVE DEFENSE

21. Plaintiff is not the real party in interest and has no standing to bring this action.

### FOURTH AFFIRMATIVE DEFENSE

22. If plaintiff sustained any damages, which is denied, those damages were caused in whole or in party by parties not under the control or supervision of PNCT or Ports America.

### FIFTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, the Carriage of Goods by Sea Act ("COGSA") one (1) year statute of limitations, and/or the equitable doctrine of laches, estoppel and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

24. The Verified Complaint fails to state a cause of action upon which relief may be granted.

## EIGHTH AFFIRMATIVE DEFENSE

25. If any losses or damages were sustained by the shipment referred to in the Verified Complaint, which is denied, such losses or damages occurred, were caused by, or contributed by a natural disaster that was an Act of God which was unexpected, exceptional, inevitable, irresistible, unavoidable and outside of PNCT's and Ports America's control and could not have been prevented by due care and the Act of God was the sole cause of the loss, which is denied.

## NINTH AFFIRMATIVE DEFENSE

26. If it is found that the goods were carried, transferred, and/or stored pursuant to contract, then PNCT and Ports America avail themselves of all the terms, benefits, rights, limitations, exclusions, and exceptions therein, whether expressed, implied, or incorporated therein.

## TENTH AFFIRMATIVE DEFENSE

27. The shipment which is the subject of the suit was transported subject to the contractual terms and conditions of the relevant charter party(ies), bill(s) of lading, and/or Sea Waybills. Any non-delivery, mis-delivery, shortage, loss, or damage to the cargo, which is specifically denied, was due to causes for which PNCT and Ports America are neither liable nor responsible by virtue of the provisions of COGSA or applicable tariffs or general maritime law or terms of applicable bills of lading, charter parties, Sea Waybills, special contracts, or dock receipts, including all terms incorporated therein by reference.

## ELEVENTH AFFIRMATIVE DEFENSE

28. If the cargo in question was received and carried as alleged, which is denied, then it was received and carried subject to the terms and provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. § 1300 et. seq. and PNCT and Ports America are not liable thereunder.

## TWELFTH AFFIRMATIVE DEFENSE

29. PNCT and Ports America claim benefit of all rights, limitations, and defenses provided for by the United States Carriage of Goods by Sea Act of 1936, 46 U.S.C. § 1300 et. seq., and the Harter Act of 1893, 46 U.S.C. § 190 et seq., in regard to all of the plaintiff's claims and all defenses provided by the United States Carriage of Goods by Sea Act of 1936 and the Harter Act of 1893 are incorporated herein by reference.

## THIRTEENTH AFFIRMATIVE DEFENSE

30. Any liability of PNCT and Ports America, such liability being denied, is limited by the United States Carriage of Goods by Sea Act to $500 per package or customary freight unit.

## FOURTEENTH AFFIRMATIVE DEFENSE

31. The shipment which is the subject of this suit was, and is, subject to all terms, conditions, limitations, defenses, and exceptions contained in the applicable bill(s) of lading, charter parties, and/or contract(s) of carriage by which the shippers, cargo owners, consignees, or holders of said bill(s) of lading agreed to be and are bound. All such terms, conditions, limitations, defenses, and exceptions are incorporated herein by reference.

## FIFTEENTH AFFIRMATIVE DEFENSE

32. PNCT and Ports America claim benefit of and incorporates by reference all defenses available to it under any applicable contracts, charter parties, bills of lading, sea way bills, or other agreements or tariffs, including time bars, package limitations, failure to give proper notice, forum selection clauses, arbitration clauses and any other applicable defense.

## SIXTEENTH AFFIRMATIVE DEFENSE

33. Any loss or damage suffered by plaintiff, which are denied, were caused in whole or in part by plaintiff's or some other person or entity's breach of obligations and duties under law and any applicable contracts and not by any negligence, breach, and/or any fault on the part of PNCT and/or Ports America, their agents, and/or those for whom they are responsible.

## SEVENTEENTH AFFIRMATIVE DEFENSE

34. This Answer is made without waiver to any rights to arbitrate that may exist between or among the parties pursuant to the terms of the relevant bills of lading, charter party and/or contract(s) of carriage.

## EIGHTEENTH AFFIRMATIVE DEFENSE

35. Any damage to plaintiff and/or the subject cargo, said damage being denied, occurred while the cargo was in the exclusive possession, custody and control of the shippers of the cargo and/or their agents and/or others outside of the control of PNCT and/or Ports America.

## AS FOR A FIRST CROSS-CLAIMS AGAINST CO-DEFENDANTS

29. If plaintiff sustained damages as alleged in the Complaint through any fault other than their own fault, then such damages were sustained due to the primary, active, and sole fault of Co-defendants MSC MEDITERRANEAN SHIPPING COMPANY, S.A. and M/V "Northern Delight", her engines, boilers, etc., and the fault of PNCT and Ports America, which is denied, was secondary and passive only; and, if plaintiff should obtain and/or recover judgment against PNCT and Ports America, then Co-defendants MSC MEDITERRANEAN SHIPPING COMPANY, S.A. and M/V "Northern Delight", her engines, boilers, etc.,, shall be liable to PNCT and Ports America for the full amount of said judgment or for any part thereof obtained and/or recovered on the basis of apportionment of responsibility for the alleged occurrence as found by the court and/or jury. Further, if by reason of this action, PNCT and Ports America has incurred, and will in the future incur, costs and expenses including counsel fees, it is entitled to recover such costs, expenses and fees in full from co-defendants.

## AS FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

30. Upon information and belief, if plaintiff was injured or suffered illnesses as alleged in the Complaint, which is denied, the said injuries and/or illnesses were caused by the breaches of express and/or implied contractual and/or warranty obligations to PNCT and Ports America of Co-defendants MSC MEDITERRANEAN SHIPPING COMPANY, S.A. and M/V "Northern Delight", her engines, boilers, etc., accordingly, PNCT and Ports America are entitled to full indemnity for any amounts recovered against it from Co-defendants MSC MEDITERRANEAN SHIPPING COMPANY, S.A. and M/V and "Northern Delight", her engines, boilers, etc., including attorneys' fees, costs, and disbursements.

WHEREFORE, Defendants PORTS AMERICA, INC., and PORT NEWARK CONTAINER TERMINAL, L.L.C., demand that plaintiff's action be dismissed with costs to these Defendants, including reasonable attorneys' fees; alternatively, Defendants PORTS AMERICA, INC., and PORT NEWARK CONTAINER TERMINAL, L.L.C., demand judgment over and against Co-defendants MSC MEDITERRANEAN SHIPPING COMPANY, S.A. and M/V "Northern Delight", her engines, boilers, etc.,, for the full amount of any judgment obtained and/or recovered against Defendants PORTS AMERICA, INC., and PORT NEWARK CONTAINER TERMINAL, L.L.C., by plaintiffs, including reasonable attorneys' fees and costs.

Dated: New York, New York
January 16, 2014

**ROPERS, MAJESKI, KOHN & BENTLEY, P.C.**
*Attorneys for Defendants*
PORT NEWARK CONTAINER TERMINAL L.L.C. and
PORTS AMERICA, INC.


s/_____
J. Patrick Geraghty
750 Third Avenue, 25th Floor
New York, New York 10017
(212) 668-5927


TO: William R. Connor III, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street, 21st Floor
New York, New York 10005

Edward P. Flood, Esq.
LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
*Attorneys for Co-defendant* MSC MEDITERRANEAN SHIPPING COMPANY, S.A.